525 A.2d 1185

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee,

v.

Vincent T. McFARREN, Jr., Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 17, 1986.

Decided May 22, 1987.

Reargument Denied Sept. 30, 1987.

412

Richard R. Rush, Thomson, Rhodes & Cowie, Kurt R. Gingrich, Pittsburgh, for appellant.

Harold R. Cramer, Com. of Pennsylvania, Dept. of Transp., Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION ANNOUNCING THE JUDGMENT OF THE COURT

ZAPPALA, Justice.

Before us is an appeal from the Order of the Commonwealth Court affirming the Order of the Court of Common Pleas of Allegheny County affirming the Order of the Department of Transportation suspending the Appellant's operating privileges for a period of one year. On or about December 21, 1983, the Appellant was observed by two police officers driving through a "steady red light" and proceeding for "approximately two hundred to three hundred yards in an erratic manner." (N.T., p. 2). As a result, the police officers stopped the Appellant and detected the "strong odor of alcoholic beverage about his person and breath". The officer's testimony also indicated that the Appellant had difficulty in walking and otherwise failed various field sobriety tests. The Appellant was placed

under arrest for operating a motor vehicle while under the influence of alcohol. At the police station, the Appellant was requested to and consented to perform a breathalyzer test. After the test was performed, the officers requested that the Appellant submit to a second breathalyzer test. In response to this request, the Appellant asked to speak to an attorney or in the alternative to see the statute requiring him to submit to a second breathalyzer test. Even though he was warned by the police officers several times that such a response was considered a refusal and would result in an automatic suspension of his operating privileges for at least one year, the Appellant refused the second test.

As a result of his refusal to take the second test, the Department of Transportation suspended the Appellant's operating privileges under § 1547(a) of the Motor Vehicle Code (75 Pa.C.S. § 1547(a)). The Appellant appealed his suspension to the Court of Common Pleas of Allegheny County which dismissed his appeal. Commonwealth Court affirmed, 507 A.2d 879, and we granted the Appellant's petition for allowance of appeal.

In this appeal we are asked to interpret § 1547(a) of the Motor Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81, § 1 as amended December 15, 1982, P.L. 1268, No. 289, § 5, 75 Pa.C.S. § 1547(a), which states as follows:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to *one or more chemical tests of breath, blood or urine* for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle.... (emphasis added).

Specifically, we are asked to address the limited question of whether this section authorizes the police to administer a second chemical test. If § 1547(a) grants to policemen this authority, then the Appellant violated § 1547(b) and the Secretary of the Department of Transportation was correct in suspending the Appellant's driver's license. However, if

§ 1547(a) does not support a request for a second chemical test, then the Appellant was justified in refusing to take a second test and the Secretary acted improperly in suspending the Appellant's driver's license.

█ The problem that this Court is faced with is the proper interpretation of that part of § 1547(a) which states "... one or more chemical tests of breath, blood or urine...." since it is clearly susceptible to more than one interpretation.[1] When faced with statutory interpretation, the court must ascertain and effectuate the intention of the legislature. *Allstate Insurance Company v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980). The legislature has provided us with the Statutory Construction Act, the Act of December 6, 1972, P.L. 1339, No. 290, § 3, 1 Pa.C.S. § 1901 et seq., to assist us in determining the proper interpretation of a statute. Since no legislative history exists with regard to the subject provision, we must resort to the criteria enumerated in § 3 of the Act.

Subsection (c) of § 3 of the Act sets forth various factors to be considered in ascertaining the legislative intent when the words of a statute are not explicit:

§ 1921. Legislative intent controls

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1. The Department of Transportation adopted Regulation 77.24 (67 Pa.Code § 77.24), effective December 22, 1984, which requires the administration of two (2) alcohol tests. Since the regulation was promulgated subsequent to this occurrence, it is inapplicable.

As set forth above, § 1547(a) is not clear on its face, but susceptible to differing interpretations. The highlighted section can mean either that the police are permitted to administer one blood, one urine, *and* one breath test, or that they may require a multiple number of blood, urine *or* breath tests. Section 1547(a) can also mean that the police may administer a multiple number of one particular type of testing, e.g., two blood, or two breath, or two urine tests.

Following the instructive directive of the Act as enumerated in subsections 1–5, 1 Pa.C.S. § 1921(c)(1)–(5), it is clear from reading § 1547 of the Motor Vehicle Code that the purpose and remedial objective of § 1547 is to provide the police with evidence to prosecute an intoxicated driver, thereby keeping him off Commonwealth roadways. Prior to the 1982 amendments, a conviction for driving under the influence of alcohol was a misdemeanor of the third degree without a mandatory sentence. The present statute makes a person convicted of drunk driving guilty of a misdemeanor of the second degree, with the penalty for such a first time conviction being increased to a mandatory forty-eight hours of imprisonment. Under the prior statute, the legislature empowered the police to administer only a blood *or* breath test. Now the legislature has expanded police authority not only by permitting a urine test, but also by providing the police with the authority to require additional testing. By the passage of these various amendments, it is clear that the legislature is making a concerted effort to keep drunk drivers off of our highways.

█ In addition to reviewing the necessity for a statute, the circumstances of its enactment, the mischief to be remedied and the object to be attained in determining legislative intent, we must consider the consequences of a particular interpretation. 1 Pa.C.S. § 1921(c)(6). The legislature has also instructed us that in enacting a statute it "does not intend to violate the Constitution of the United States or of this Commonwealth." 1 Pa.C.S. § 1922(3). Therefore, if one interpretation results in conflict with another statute, or violation of the Federal or State Constitution, such interpretation cannot be accepted. Although it

is clear that the legislature intended to extend police authority in testing for drunk drivers under § 1547(a), the legislature did not intend either an unreasonable result or a constitutional violation. 1 Pa.C.S. § 1922. Under the interpretation suggested by the Appellee and followed by the police in this case, the legislature would be delegating unbridled power to the police, resulting in a violation of Art. 1, § 8 of the Constitution of this Commonwealth. For this reason, neither the Appellee's interpretation nor its actions can be accepted.

■■■ Art. 1, § 8 of the Pennsylvania Constitution provides as follows:

The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

There can be no doubt that the obtaining of a blood, urine or breath sample is a search and seizure. *Commonwealth v. Funk*, 254 Pa.Super. 233, 385 A.2d 995 (1978). Although an individual consents to a chemical test by driving on Commonwealth roadways, the initial intrusion must be supported by probable cause and conducted in a reasonable manner. Under § 1547(a), the basis for the initial stop and search is the police officer's reasonable belief that the person from whom the request for a chemical test is being made is driving a motor vehicle while under the influence of alcohol, and thus the search is either incident to a lawful arrest or necessitated by exigent circumstances. *Commonwealth v. Cieri*, 346 Pa.Super. 77, 499 A.2d 317 (1985); *Commonwealth v. Anderl*, 329 Pa.Super. 69, 477 A.2d 1356 (1984). In order to justify a second intrusion, the police officer must establish circumstances which support the reasonableness of a second search. To hold otherwise would subject an individual to "unreasonable searches and seizures" in violation of Art. 1, § 8 of our Constitution. A second test may be proper if the first test was inconclusive

due to faulty equipment or faulty performance by the individual. Thus, if an individual fails to fully participate in a breathalyzer test, subjecting him to a blood or urine test may be reasonable. However, requiring a blood test after completing a breathalyzer solely to enhance the evidence and guarantee a conviction is not "reasonable" under Art. 1, § 8 of our Constitution.

■ Accordingly, we hold that § 1547(a) authorizes a police officer to request a chemical test for alcohol provided that probable cause exists for the initial stop. If more than one test is requested, the police officer must offer sufficient evidence to establish the "reasonableness" of such a request. In this case, the only purpose given for the second test was to substantiate the accuracy of the first test. A request founded upon such a shallow basis can never be deemed "reasonable" and is thus violative of Art. 1, § 8 of our Constitution. Therefore, the second request in this instance was improper, and the Appellant cannot be deemed to have refused.

The Opinion and the Order of the Commonwealth Court is reversed and the Appellant's statutory appeal is sustained.

McDERMOTT and PAPADAKOS, JJ., concur in the result.

LARSEN and HUTCHINSON, JJ., noted a dissent.