537 A.2d 90

John R. Morrow, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs March 26, 1987, to Judges BARRY, PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*J. E. Ferens, Jr., Waggoner & Ferens,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE BARRY, February 9, 1988:

John R. Morrow appeals an order of the Court of Common Pleas of Fayette County dismissing his appeal from a suspension of his driver's license pursuant to Section 1547 of the Vehicle Code (Code), 75 Pa. C. S. §1547. We affirm.

Morrow maintains that his suspension is contrary to the law because the record clearly shows that he attempted to the best of his ability to submit to the two

intoxilyzer tests required by the police officers following his arrest.

The trial court found that, although Morrow complied with the first request to blow a full breath into the machine, he did not properly breathe into the machine when he was requested to do so a second time. This finding is supported by the testimony given by the police officer who administered the test. He stated that, when taking the second test.[1] Morrow blew only small puffs of air into the machine. He was warned several times that his failure to cooperate would be deemed a refusal to take the test but he continued blowing small puffs of air rather than exhaling a long complete breath as he had done during the first test. When asked whether he had any physical problems which prevented him from complying with the officer's request, Morrow stated there was no problem.

Based on this testimony, the trial court properly concluded that Morrow refused to submit to the second intoxilyzer test.

In the case of *Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987) (Plurality opinion), the Supreme Court has recently held that a request for a second test is unreasonable where the only basis offered for the request is to verify the accuracy of the first test. Had Morrow challenged the propriety of the second test here we would no doubt reverse. However, he made no such argument. He argued only that the testimony did not support a finding that he had refused to take the second test. The trial court, as arbiter of credibility, found a refusal. As Morrow offers no challenge to the reasonableness of the second request, we must affirm the suspension.

---

[1] The officer testified that Department policy requires the intoxilyzer test to be administered twice.

## Order

Now, February 9, 1988, the order of the Court of Common Pleas of Fayette County, at No. 215 of 1986, dated March 18, 1986, is affirmed.

Senior Judge KALISH dissents.