538 A.2d 94

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Christopher J. Bittner, Appellee.

Submitted on briefs December 14, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

613

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel and *Morey M. Myers,* General Counsel, for appellant.

No appearance for the appellee.

OPINION BY JUDGE MACPHAIL, February 23, 1988:

The Department of Transportation, Bureau of Traffic Safety (Department), appeals an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Christopher J. Bittner from a one-year suspension of his operating privilege by the Department pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). For the reasons set forth below, we reverse the trial court's order and reinstate Mr. Bittner's suspension.

On May 19, 1985, Mr. Bittner was arrested for driving under the influence when police observed him driving in an erratic manner and stopped him following a high speed chase. Mr. Bittner was transported to the station house where he was asked to submit to a breathalyzer test. He did submit to one test, but when requested to submit to the second test required by Department regulation at 67 Pa. Code §77.24,[1] Mr.

---

[1] 67 Pa. Code §77.24 provides in pertinent part:

    (b) *Procedures.* . . . The procedures for alcohol breath testing shall include, at a minimum:

Bittner failed to supply a sufficient breath sample. The breathalyzer operator treated this as a refusal to submit and so notified the Department.

Mr. Bittner was subsequently informed by the Department that his operating privilege was suspended for one year due to his refusal to submit to the breathalyzer. The trial court sustained his appeal of this determination,[2] and the Department has petitioned for our review of the court's order.

The sole issue before us is whether the Department properly suspended Mr. Bittner's license for refusing to submit to a breathalyzer when he did submit to the initial test but refused the second test required by Department regulation. This issue has been resolved recently by this Court and need not be addressed here at length. *See Bush v. Commonwealth,* 112 Pa. Commonwealth Ct. 510, 535 A.2d 754 (1988), and *Department of Transportation, Bureau of Driver Licensing v. Penich,* 112 Pa. Commonwealth Ct. 303, 535 A.2d 296 (1988).

In *Bush,* we held that a request for a second breath test, pursuant to 67 Pa. Code §77.24(b)(1), is *per se* reasonable under our Supreme Court's decision in *Department of Transportation v. McFarren,* 514 Pa. 411, 525

---

(1) Two consecutive actual breath tests, without a required waiting period between the two tests.

[2] The trial court, per Judge ROBERT A. DOYLE, concluded as follows:

We sustained the appeal for the sole purpose of permitting an appellate court to finally decide the issue of whether or not a person can be guilty of refusing to take a breathalyzer test when he in fact does take *one* test, but refuses to take a second breathalyzer test.

Slip op. at 3, Reproduced Record at 29a.

A.2d 1185 (1987).[3] Accordingly, a failure to submit to the *two* required breath tests constitutes a refusal to submit to chemical testing under Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b), and must result in a one-year suspension of operating privileges.

We, therefore, conclude that the trial court erred as a matter of law in sustaining Mr. Bittner's appeal, and we will reverse its determination.

### ORDER

The order of the Court of Common Pleas of Allegheny County in the above-captioned proceeding is reversed, and the one-year suspension of Christopher J. Bittner's operating privilege is reinstated.

---

[3] In *McFarren,* the Court held that if more than one chemical test for alcohol is requested, the police must establish the reasonableness of such a request.