539 A.2d 492.

Brian F. Croissant, Appellant *v.* Commonwealth of
Pennsylvania, Appellee.

Argued October 5, 1987, before Judges CRAIG,
DOYLE and BARRY, sitting as a panel of three.

*Thomas Livingston,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE BARRY, March 25, 1988:

Brian F. Croissant appeals an order of the Court of Common Pleas of Allegheny County which dismissed his appeal and sustained a one year suspension of his operator's privileges by the Department of Transportation (DOT) pursuant to 75 Pa. C. S. §1547 for failing to submit to testing.

Appellant was stopped by Officer Bryan Kelly of the Shaler Township Police Department on November 21, 1985. On that date, Officer Kelly observed appellant's vehicle weaving from lane to lane. When Kelly noticed the strong odor of alcohol, he required appellant to perform certain field sobriety tests, which appellant was unable to do in a satisfactory manner. Officer Kelly arrested appellant for driving while intoxicated.

Officer Kelly took appellant to the police station and requested that he submit to a breath test. Officer Kelly informed appellant of the consequences of refusing the

test. Appellant completed the test once with the machine registering a reading of .30. Appellant, however, failed to provide sufficient amounts of breath to obtain a second reading. When given the chance to take a blood test, appellant refused.

DOT eventually notified appellant that it was suspending his license for one year for refusing to submit to testing. Appellant appealed that suspension to the Court of Common Pleas of Allegheny County. Following a hearing, that court dismissed the appeal. The present appeal followed.

To sustain the suspension of one's license pursuant to 75 Pa. C. S. §1547, DOT must prove that (1) the licensee was arrested for driving while intoxicated by an officer having reasonable grounds to believe the licensee was driving while intoxicated, (2) the licensee was requested to submit to testing, (3) an officer informed the appellee of the consequences of a refusal and (4) the licensee refused to submit to the proffered test. *Commonwealth v. Shaffer*, 100 Pa. Commonwealth Ct. 66, 513 A.2d 1154 (1986). Our scope of review is limited to determining whether the trial court's factual findings are supported by substantial evidence or whether the trial court committed an error of law. *Sheakley v. Commonwealth*, 99 Pa. Commonwealth Ct. 328, 513 A.2d 551 (1986).

Appellant first argues that DOT failed to show that he refused the proffered test. Appellant does not deny that he failed to provide a sufficient breath sample for the second breath test[1] or that he refused the offer of a

---

[1] Appellant does not argue that the officers here lacked authority to demand the second test. *See Commonwealth v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987) (officer must prove that request for a second test was reasonable; a second test requested to substantiate the accuracy of the first test is not reasonable) (plurality opinion); *but see Bush v. Commonwealth*, 112 Pa. Common-

blood test. Rather, he argues that because the results of the first test were used, DOT could not prove a refusal with regard to all that occurred after the administration of the first test.

In this case, appellant was charged with driving under the influence, in violation of 75 Pa. C. S. §3731. Appellant was accepted in the Accelerated Rehabilitative Disposition (A.R.D.) program. Appellant alleges that unwritten guidelines exist in Allegheny County which require the use of the results of chemical testing to determine the length of a required suspension of one's license as a condition of entry into the A.R.D. program. Because appellant registered a reading of .30 on the first breath test, his license was suspended for 120 days as a condition of entering the A.R.D. program. Because the first test was allegedly used in this manner, appellant argues that he did not "refuse" any requested tests.

In *Sheakley,* we held that the A.R.D. and its availability has no relevance when dealing with the civil suspension proceedings for failure to submit to testing. Here, appellant does not challenge any factual findings of the trial court concerning his refusals after the first test. Those findings, supported by substantial evidence, show that appellant did, in fact, refuse proffered testing. As appellant's allegation of legal error is meritless, we reject this argument.

Appellant next argues that the present one year suspension violates both the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. His argument is based on the premise that

wealth Ct. 510, 535 A.2d 754 (1988) (regulation requiring a minimum of two tests, 67 Pa. Code §77.24, which was promulgated after the occurrence in *McFarren* and therefore not considered by the Supreme Court in that decision, made a request for a second test *per se* reasonable).

three identifiable classes exist in suspension proceedings under Section 1547: (1) those motorists who did not refuse to submit to testing; (2) those motorists who have refused to submit to testing but nonetheless whose test results have been acquired which are used in subsequent legal proceedings and (3) those motorists who have refused to submit to testing and have either not had test results acquired or if acquired, were not used in subsequent legal proceedings. Appellant claims that the suspension of his license pursuant to Section 1547 serves no valid purpose because of his acceptance into the A.R.D. program, citing *State Department of Highways v. Schlief*, 289 Minn. 461, 185 N.W.2d 274 (1971), where the Minnesota Supreme Court held that suspension for failure to submit to testing serves no valid purpose when a defendant has pled guilty to drunken driving. Appellant thus claims he had been denied equal protection under the federal constitutional provision and the Constitution of this Commonwealth. We disagree.

It is readily apparent that appellant's argument is premised on the use of the test results in the A.R.D. program, a criminal proceeding. We have stated that any criminal proceedings for driving under the influence have no bearing on the civil suspension proceedings under Section 1547. *Sheakley; Commonwealth v. Clawson*, 9 Pa. Commonwealth Ct. 87; 305 A.2d 732 (1973). Appellant cannot rely upon the use of the test results in a criminal context to prove a violation of equal protection under a statute that is civil in nature.[2] Further, we need only state the obvious that the courts in

_____

[2] We note that the test results of both the first and second tests (.30 and .31 respectively) allegedly were both used in determining the length of the suspension. In our view this has no impact on the outcome of this case for the above stated reasons.

Minnesota are free to interpret their statutes as they wish. In this Commonwealth, we have consistently held that the criminal proceedings have no relevance to the civil proceedings of a suspension under Section 1547.

Appellant next argues that a standard adopted by the judiciary, interpreting Section 1547, violates the due process clauses of both the United States Constitution and the Pennsylvania Constitution. It is well recognized that anything substantially less than an unqualified assent to the proffered testing constitutes refusal for Section 1547 purposes. *Sheakley; Commonwealth v. Fullerton,* 31 Pa. Commonwealth Ct. 609, 377 A.2d 1024 (1977). Further, a motorist's voluntary intoxication will not excuse his or her refusal to take the test. *Zubick v. Commonwealth,* 93 Pa. Commonwealth Ct. 221, 500 A.2d 1288 (1985). Appellant argues that due process is violated because it is not enough to show a refusal, but also that the driver understood the effects of the refusal and that having understood it, he knowingly and voluntarily refused. We disagree.

We are not unmindful that due process must be afforded before a state may suspend a motorist's drivers license. *Bell v. Burson,* 402 U.S. 535 (1971). The United States Supreme Court, in *Mackey v. Montrym,* 443 U.S. 1 (1979), held that a de novo hearing provided by the Massachusetts counterpart to our statute satisfied due process. We have held that the de novo hearing in common pleas court is sufficient to protect due process rights. *Sheakley.* Appellant attempts to buttress his argument in this regard by arguing that since a motorist must be informed that his or her license will be suspended for refusing to submit to testing, due process requires that the motorist knowingly and voluntarily refused. Appellant overlooks the decisions of this Court which point out that the warning requirement is mandated by the Legislature, and not our state or federal constitution. *Commonwealth v. Sinwell,* 68 Pa. Com-

monwealth Ct. 605, 450 A.2d 235 (1982). We believe our prior decisions in this area were correctly decided and appellant has not convinced us any of those decisions should be overruled. Hence, we find no merit in his due process arguments.

Appellant argues finally that Section 1547 creates an irrebuttable presumption, *i.e.*, a motorist impliedly consents to testing when an officer has reasonable cause to believe that motorist has been operating an automobile while intoxicated. Appellant argues that this is no more than an unlawful device for avoiding the warrant requirement of the Fourth Amendment. We have held that the doctrine of irrebuttable presumption has no place in modern constitutional analysis except where fundamental interests or suspect classifications are involved, neither of which is present here. *Commonwealth v. Slater*, 75 Pa. Commonwealth Ct. 310, 462 A.2d 870 (1983). Furthermore, any criminal proceedings for driving while intoxicated are of no moment to these civil suspension proceedings. *Sheakley*.

ORDER

Now, March 25, 1988, the order of the Court of Common Pleas of Allegheny County dated April 2, 1986, at No. SA 91 of 1986 is hereby affirmed.