563 A.2d 543

**Donald F. BARTELME, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 18, 1988.

Decided Dec. 2, 1988.

Publication Ordered Aug. 18, 1989.

Thomas G. Eddy, Eddy & Osterman, Pittsburgh, for appellant.

Harold H. Cramer, Christopher J. Clements, Asst. Counsel, John L. Heaton, Chief Counsel, David R. White, Asst. Counsel, Harrisburg, for appellee.

Before BARRY and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Donald F. Bartelme (Appellant) has appealed from an order of the Court of Common Pleas of Allegheny County dismissing his driver's license suspension appeal.

The trial court made the following findings of fact which Appellant has not challenged: Appellant was stopped by an O'Hara Township police officer at approximately 3:15 a.m. on December 20, 1986 while proceeding south on a northbound ramp of Route 28. The officer testified that Appellant's speech was slurred and that he noticed a strong odor of alcohol on his breath. Believing that Appellant was operating his vehicle while under the influence of alcohol, the officer advised Appellant that he was placing him under arrest. Having done so, the officer transported Appellant to St. Margaret's Hospital for a blood test to determine the alcoholic content of his blood. He advised Appellant that he was not required to submit to the test, but that if he refused, his driver's license would be suspended for one year. Appellant refused, and the Department of Transportation (Appellee) suspended his license for one year pursuant to Section 1547 of the Vehicle Code, 75 Pa.C.S. § 1547.

On appeal to this Court, Appellant raises but one issue:[1] that the O'Hara Township police policy of requiring all persons suspected of driving under the influence to submit to a blood test is an unconstitutional application of Section 1547 of the Vehicle Code.

Section 1547 pertinently provides:

(a) **General rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

(1) while under the influence of alcohol or a controlled substance. . . .

The essence of Appellant's argument is that, because a blood test is the most intrusive type of search allowed by Section 1547, O'Hara Township's "blanket policy" of requiring a blood test in all cases, without regard to the circumstances of each case, is unconstitutional. Appellant concedes that the statutory section is not unconstitutional on its face and that there is nothing inherently wrong with allowing the police to exercise their discretion in determining which test to administer. Appellant argues that O'Hara Township's policy of using a blood test removes that discretion and is "arbitrary and oppressive, and thus per se unconstitutional." Appellant's brief, page 12.

Not surprisingly, Appellant relies on criminal cases in formulating his argument. We have stated many times that a driver's license suspension appeal is a civil matter and that any related criminal proceedings have no bearing

1. Appellee contends that this issue has been waived for failure to raise it below. However, in his original appeal to common pleas court, Appellant did argue that a breathalyzer test would have been a less intrusive search under the 4th and 14th amendments of the U.S. Constitution. Accordingly, we will address the constitutional issue.

on the civil proceedings under Section 1547. *See, e.g.,* *Croissant v. Commonwealth,* 114 Pa.Commonwealth Ct. 601, 539 A.2d 492 (1988). For example, Appellant cites *Commonwealth v. Quarles,* 229 Pa.Superior Ct. 363, 324 A.2d 452 (1974), for the proposition that the scope of the consent given must control the choice of search to which a suspect will be subjected. *Quarles* involved the suppression of the results of a breathalyzer test in a criminal case where the underlying arrest was illegal.

Our Supreme Court, in *Department of Transportation v. Wysocki,* 517 Pa. 175, 535 A.2d 77 (1987), refused to invoke the exclusionary rule as a bar to consideration in the subsequent administrative license suspension proceeding of an operator's refusal to submit to a breathalyzer test. The Court stated:

Permission to operate a motor vehicle upon the highways of this Commonwealth is a privilege subject to such conditions as the legislature may see fit to impose. *Commonwealth v. Funk,* 323 Pa. 390, 186 A. 65 (1936). Among the conditions prescribed by the General Assembly is the 'implied consent' to submit to chemical testing pursuant to section 1547 of the Vehicle Code....

....

The only fact necessary to the administrative determination is the driver's refusal to comply with the breathalyzer request after being taken into custody.

*Id.,* 517 Pa. at 177–78, 180, 535 A.2d at 78–79.

■ There is no doubt that a chemical test under Section 1547 amounts to a search and seizure. *Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987), *citing Funk.* The question of whether such a search is reasonable in the context of a license suspension turns upon whether the initial intrusion is conducted in a reasonable manner:

Under § 1547(a), the basis for the initial stop and search is the police officer's reasonable belief that the person from whom the request for a chemical test is being made

is driving a motor vehicle while under the influence of alcohol, and thus the search is either incident to a lawful arrest or necessitated by exigent circumstances.

*Id.,* 514 Pa. at 417, 525 A.2d at 1188 (citations omitted). Here, the trial court specifically found, based upon substantial evidence,[2] that the officer had reasonable grounds for believing Appellant was driving under the influence, and Appellant has not challenged that determination. Accordingly, under this Court's interpretation of *McFarren,* the police officer at that point had unfettered discretion under Section 1547 to request Appellant to submit to one of the three enumerated chemical tests, *i.e.,* breath, blood or urine. *Department of Transportation, Bureau of Driver Licensing v. Penich,* 112 Pa.Commonwealth Ct. 303, 535 A.2d 296 (1988).

■ While we have held on numerous occasions that the police officer, and not the licensee, may choose which test is to be administered,[3] Appellant argues that O'Hara Township's policy of automatically selecting a blood test is unconstitutional because the element of discretion is thereby eliminated. Suffice it to say that the statute allows rather than requires the use of discretion.

Having found no constitutional violation, we affirm the trial court's order.

### ORDER

AND NOW, this 2nd day of December, 1988, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby affirmed.

---

**2.** Our scope of review is limited to determining whether the trial court's factual findings are supported by substantial evidence or whether the trial court committed an error of law. *Croissant.*

**3.** *See, e.g., Wenger·v. Commonwealth,* 107 Pa.Commonwealth Ct.. 20, 527 A.2d 1071 (1987); *Binder v. Commonwealth,* 99 Pa.Commonwealth Ct. 548, 513 A.2d 1105 (1986); *Department of Transportation, Bureau of Traffic Safety v. Bartle,* 93 Pa.Commonwealth Ct. 132, 500 A.2d 525 (1985).

## ORDER

AND NOW, this 18th day of August, 1989, it is OR-DERED that the opinion filed December 2, 1988 shall be designated OPINION rather than MEMORANDUM OPINION, and that it shall be reported.

MacPHAIL, J., did not participate in the decision in this case.