## Howell v. PennDOT

*David A. Martino,* for petitioner.
*Frank M. O'Neill,* for respondent.

O'BRIEN, *J.*, March 30, 1989—

## FINDINGS OF FACT

(1) In the early morning hours of December 17, 1988, a state policeman stopped petitioner's vehicle for speeding. The officer detected a strong odor of alcohol on the breath of petitioner and observed several empty beer bottles in his vehicle.

(2) When petitioner was unable to successfully complete the field sobriety test requested by the officer, the officer placed him under arrest for driving under the influence of alcohol. The officer advised defendant of his *Miranda* rights and explained the implied consent law of the Commonwealth of Pennsylvania. The officer's explanation included the fact that petitioner's driving privileges would be suspended for one year if he refused the test.

(3) At the State Police barracks, petitioner provided two breath samples to an intoxilyzer machine resulting in readings of 0.17 percent and 0.15 percent blood-alcohol level.

(4) The officer conducting the intoxilyzer test requested petitioner to furnish further breath samples to the machine but petitioner refused.

(5) On or about January 5, 1989, the Department of Transportation of the Commonwealth of Pennsylvania notified petitioner that his operating privileges would be suspended for a period of one year because of his failure to take the breathalyzer test.

## DISCUSSION

75 Pa.C.S. §1547 provides in pertinent part as follows:

"(a) *General rule*—Any person who drives, operates or is in actual physical control of the movement

of a motor vehicle in this commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:

"(1) while under the influence of alcohol or a controlled substance or both; or

"(2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

"(b) *Suspension for refusal*—

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

"(3) Any person whose operating privilege is suspended under the provisions of this section shall have the same right of appeal as provided for in cases of suspension for other reasons."

67 Pa. Code §77.24(b) provides in pertinent part that the procedures for alcohol breath testing shall include at a minimum: "(1) Two consecutive actual breath tests, without a required waiting period between the two tests." Petitioner argues that he complied with this provision as evidenced by the

two readings set forth on the intoxilyzer test result sheet. The commonwealth argues that these two breath samples constituted only one test and that the officers could require two additional breath samples for a second test. However, there is nothing in the cited regulation to support the commonwealth's position. In *Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987), Justice Zappala writing for the Supreme Court stated the following:

"In order to justify a second intrusion, the police officer must establish circumstances which support the reasonableness of a second search. To hold otherwise would subject an individual to unreasonable searches and seizures in violation of Article I, section 8 of our Constitution. A second test may be proper if the first test was inconclusive due to faulty equipment or faulty performance by the individual." *McFarren, supra.*

While the provisions of 67 Pa. Code §77.24 providing for "two consecutive actual breath tests" which was enacted in response to the *McFarren* decision have been upheld by our Commonwealth Court, in *Flickinger v. Commonwealth, Department of Transportation,* 119 Pa. Commw. 315, 547 A.2d 476 (1988), where two breath samples were provided, a suspension premised on a refusal of further testing has been reversed by the same court. *Commonwealth, Department of Transportation v. Fellmeth,* 108 Pa. Commw. 172, 528 A.2d 1090 (1987). We conclude that there is no basis for finding a violation of the test requirements of 75 Pa.C.S. §1547 where two breath samples are provided and evidence produced to substantiate the offense of driving under the influence of alcohol.

## CONCLUSIONS OF LAW

(1) The state police officer had reasonable grounds to believe petitioner was operating a motor vehicle under the influence of alcohol.

(2) After placing petitioner under arrest, the officer properly advised him of the provisions of the implied consent law of the Commonwealth of Pennsylvania including the provision that his operating privileges would be suspended for one year upon his refusal to submit to a chemical test.

(3) Petitioner completed a valid breathalyzer test by providing two consecutive breath samples which recorded readings of 0.15 percent and 0.17 percent blood-alcohol level.

## ORDER

And now, March 30, 1989, the order of the Department of Transportation dated January 5, 1989 suspending the driving privileges of Graden R. Howell for a period of one year is reversed.