561 A.2d 1278

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Scott ROHRER, Appellee.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1989.

Decided July 3, 1989.

Christopher J. Clements, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellant.

John D. Briggs, with him, William E. Haggerty, Morgan, Hallgren, Crosswell & Kane, P.C., Lancaster, for appellee.

Before CRAIG and COLINS, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

This is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT), from an order of the Court of Common Pleas of Lancaster County which sustained the appeal of Scott Rohrer from a one-year suspension of his operating privileges. We affirm.

As the result of an automobile accident, the investigating state trooper had Rohrer transported to the local hospital. A laboratory technician withdrew blood from Rohrer to test it for alcohol content. Although the officer knew that blood had been withdrawn for alcohol testing, he advised Rohrer of the implied consent statute, including the warning of suspension for refusal. The officer requested Rohrer to submit to a blood test. Rohrer refused this request, and his operating privileges were suspended for one year pursuant to section 1547 of the Vehicle Code (Code), *as amended*, 75 Pa.C.S. § 1547.

Rohrer's appeal from the suspension was sustained by the trial court, finding that the police officer requested a

second blood test sample for his convenience in obtaining a criminal conviction. The trial court stated that mere convenience in prosecution is an inadequate reason for a police officer to make an initial request for a blood test where the officer is aware that such a test had been conducted by hospital personnel to obtain a blood alcohol content reading, and where the results were turned over to the officer.

Section 1547 of the Code provides that a motorist is deemed to have given his consent to one or more chemical tests of blood, breath, or urine where a police officer has reasonable cause to arrest a motorist for driving under the influence. Driving privileges will be suspended where a motorist refuses to submit to such test, after having been advised of the consequences of his refusal. The results of such tests are admissible in criminal proceedings.

Section 3755 of the Code, *as amended*, 75 Pa.C.S. § 3755, provides that if the driver requires medical treatment and if probable cause exists to believe that the driver was driving while intoxicated, the emergency room doctor or nurses shall promptly take blood samples, and the test results shall be released.

In *Department of Transportation, Bureau of Traffic Safety v. Emory*, 91 Pa.Commonwealth Ct. 580, 498 A.2d 26 (1985), this court held that while both sections 3755 and 1547 of the Code were designed to reduce the horrendous problem of drunk driving, there is no obvious nexus between the two sections. The license suspension proceedings being civil in nature are separate and apart from the criminal proceedings. The successful criminal prosecution of the driver using the results of the test of his blood obtained by the hospital did not absolve the driver from the mandated suspension provision of section 1547 where the driver admittedly refused to take a blood test. The court found further that even if the arresting officer was aware that a blood sample had been obtained for the purpose of testing the alcoholic content of the sample, the specific statutory language of section 1547 would not *per se* prohibit the officer from requesting another test. To the same

effect is *Department of Transportation, Bureau of Driver Licensing v. Smith,* 114 Pa.Commonwealth Ct. 420, 539 A.2d 22 (1988).

In *Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987), the court focused upon the "reasonableness" of the second test, in connection with its impact upon the Pennsylvania Constitution, art. I, § 8, that persons shall be secure from unreasonable searches. While the purpose of section 1547 is to provide the police with evidence to prosecute an intoxicated driver, such power is not unbridled and must be considered in connection with Pa. Const. art. I, § 8. Such an intrusion must be conducted in a reasonable manner. In order to justify a second intrusion, *the police officer must establish circumstances which support the reasonableness of a second search.* To require a second test solely to enhance the evidence and guarantee a conviction is not "reasonable" under Pa. Const. art. I, § 8. Here, DOT contends that *McFarren* is inapplicable since section 3755 of the Code pertains to criminal prosecutions only, and that in that context there was but one intrusion. DOT contends that the first test by the hospital was performed out of the presence of the officer, and was not a part of his investigation, so that the second test was not "unreasonable."

■ There is no question that the taking of a blood test, so far as the driver is concerned, is an invasion of his body, and a search. This is so whether the test is performed under section 1547 or section 3755 of the Code, i.e., as part of the exercise of the police power or part of the *implied* consent to operate a motor vehicle. The obtaining of even one blood sample is a search and seizure. *Commonwealth v. Funk,* 254 Pa.Superior Ct. 233, 385 A.2d 995 (1978).

■ In *Bush v. Commonwealth,* 112 Pa.Commonwealth Ct. 510, 535 A.2d 754 (1988), we held that the regulation requiring two breath tests is "per se reasonable," since it establishes a procedural scheme intended to secure valid test results. Ordinarily that may be so, but in light of

*McFarren*, once there has been a test and the constitutional issue is raised, the burden is on the police officer to show that this request for a second test is reasonable. The officer must demonstrate that the second test is not merely to enhance the probability of a criminal conviction, as this is insufficient to satisfy the constitutional provision.

■ Pursuant to *McFarren*, the police officer has the burden of establishing by a preponderance of the evidence circumstances which support the reasonableness of a second search. The trial court's function is to examine the evidence and the inferences to determine whether the officer has met that burden. While the findings of fact supported by competent evidence are conclusive on appeal, the reviewing court may always review the deductions made from such facts and draw its own conclusions from the evidence, regardless of the action of the trial judge to determine for itself whether the conclusion is logically and reasonably drawn from the evidence. *Kemp v. Majestic Amusement Co.*, 427 Pa. 429, 234 A.2d 846 (1967); *Brooks v. Conston*, 356 Pa. 69, 51 A.2d 684 (1947).

■ The trial court found that the police officer requested a second blood sample for his convenience in obtaining a criminal conviction, and that the driver refused the request because one had already been taken upon his admission to the hospital. The trial court further found that in fact the officer knew that blood had been withdrawn from the driver for alcohol testing purposes when advising the driver to submit to a blood test. It was found that medical personnel turned over the results to the police officer for use as evidence in any criminal charges filed against the driver, and that these results were used to prosecute the driver at the preliminary hearing.

While the officer's request, as to the officer, was his first request, as to the driver it meant a second invasion of his body.

Under such circumstances, it is logical to conclude that the officer's request for blood was unreasonable. It would

not be reasonable for a policeman under these circumstances to follow-up a medical blood test merely to enhance his evidence for the convenience of his prosecution.

## ORDER

NOW, July 3, 1989, the order of the Court of Common Pleas of Lancaster County, No. 3018 of 1987, is affirmed.