## PennDOT v. Bulger

*Walter F. Cameron Jr., assistant counsel-in-charge,* for the Commonwealth.

*Gregory L. Cecchetti,* for defendant.

McCORMICK, *J.,* April 12, 1991—This matter is before the court on an appeal filed by Richard Bulger from the determination of the Department of Transportation suspending his operator's privileges for one year due to his refusal to submit to chemical testing following his arrest for driving under the

influence of alcohol. A hearing was held before this court on February 1, 1991, where officer Raymond Evans, the appellant and the appellant's wife presented testimony.

On September 27, 1990, Officer Evans responded to a motor vehicle accident in Arnold. After a brief search for appellant, the officer found him hiding behind a garage and noticed he was staggering and had an odor of alcohol. Appellant was arrested for driving under the influence of alcohol and transferred to the New Kensington Police Station. Appellant was asked to submit to a breath test on an Intoxilyzer 5000. Appellant was advised by Officer Evans that if he refused to submit to this test that his operator's license would be suspended for one year. After some difficulty a first reading of 0.188 percent was obtained. A second test was attempted but the appellant was unable to provide a sufficient breath sample because he was unable to keep his mouth sealed around the mouthpiece of the instrument. A "deficient sample" reading of 0.181 percent was obtained. The officer regarded appellant's inability to provide a sufficient breath sample on the second test as a refusal and reported it as such to the Department of Transportation.

This case is very similar to *Department of Transportation, Bureau of Driver Licensing v. Bittner,* 113 Pa. Commw. 612, 538 A.2d 94 (1988); *Department of Transportation, Bureau of Driver Licensing v. Berta,* 120 Pa. Commw. 558, 549 A.2d 262 (1988); *Vasiliades v. Department of Transportation, Bureau of Driver Licensing,* 134 Pa. Commw. 7, 578 A.2d 981 (1990); and *Commonwealth of Transportation v. Prestock,* 136 Pa. Commw. 694, 584 A.2d 1075 (1990). These cases uniformly hold that when a motorist is properly required to submit to chemical testing and fails to provide sufficient breath sam-

ples, such failure can be treated as a refusal to submit to the test. Clearly, two "actual breath tests" are required by 67 Pa. Code §77.24. Although a reading of 0.181 percent was obtained on the second test, the reading was noted as a "deficient sample" and cannot be regarded as an "actual breath test." *Prestock, supra.* Appellant did not provide any credible evidence to show that his refusal was not knowing or conscious or that he was physically unable to take the test.

Appellant argues that he should have been given a third test but the weight of legal authority is to the contrary. He apparently had much difficulty in performing the test despite being given adequate opportunity to provide a sufficient breath sample. The officer was justified in regarding appellant's inability to perform the second breath test as a refusal.

Appellant also argues that his suspension should be vacated because the Commonwealth used the breath test readings in prosecuting him under 75 Pa.C.S. §3731(a)(1) and (4). However, the Commonwealth Court has consistently held that the civil suspension of operator's privileges under 75 Pa.C.S. §1547 is not related to any criminal proceedings for driving under the influence of alcohol. *Vasiliades, supra; Croissant v. Commonwealth,* 114 Pa. Commw. 601, 539 A.2d 492 (1988). Accordingly, the appellant's operator's privileges are properly suspended under section 1547 and the following order is entered.

## ORDER OF COURT

And now, April 12, 1991, after consideration of the petition for appeal from order of the Department of Transportation suspending driver's license filed

by appellant, Richard Bulger, it is hereby ordered, adjudged and decreed that the appeal of Richard Bulger from the suspension of his operator's privileges under section 1547 of the Motor Vehicle Code is denied and his suspension reinstated.