618 A.2d 1091

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

James V. MALIZIO.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 9, 1992.

Decided Dec. 2, 1992.

Timothy P. Wile, Asst. Counsel–In–Charge of Appellate Section, for appellant.

Thomas M. Castello, for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and BLATT, Senior Judge.

CRAIG, President Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Allegheny County dated February 12, 1992, that sustained the appeal of James Malizio from a twelve-month driver's license suspension for refusal to submit to a chemical test under the implied consent law of the Vehicle Code, 75 Pa.C.S. § 1547 (the Code). We conclude that the trial court erred in requiring the police to prove probable cause for the traffic stop because a license suspension matter is a civil proceeding in which the probable cause standard is not applicable. Therefore, the order of the trial court must be reversed, and the license suspension must be reinstated.

The findings of fact and conclusions of law made by the trial court are as follows:

Officer James Bassano of Crafton Borough was called to the scene of a domestic disturbance, and he saw the Defendant [Malizio] leave the scene in a car. Officer Bassano caught up with the car, pulled him over, and saw a rag on his hand saturated with blood. He was asked to perform a series of field sobriety tests, which he failed. Officer Bassano arrested him for driving without a license and driving under the influence. He was asked to submit to chemical testing, but he was marked a refusal.

Defendant argues that neither officer involved in this matter had probable cause to stop the Defendant because neither had seen the Defendant driving his car. At best, the officers in this instance had mere suspicion.

We believe that the probable cause necessary to accost someone for driving under the influence was lacking here. The officers were called out for a domestic disturbance, which had nothing to do with driving under the influence. We will, therefore, sustain Defendant's appeal.

 In reviewing the decision of the trial court, we are limited to determining whether necessary findings of fact are supported by competent evidence, and whether an error of law has been committed. *Department of Transportation, Bureau of Traffic Safety v. Korchak,* 506 Pa. 52, 483 A.2d 1360 (1984). Also, we are required to view the evidence in the light most favorable to the party that prevailed before the trial court. Therefore, Malizio is entitled to all favorable factual inferences which may reasonably be drawn from the evidence, and all conflicts in the evidence must be resolved in his favor.

 The Pennsylvania Supreme Court has addressed the relevance of an illegal traffic stop to license suspension proceedings under the Code in *Department of Transportation v. Wysocki,* 517 Pa. 175, 535 A.2d 77 (1987). The Court held that constitutional attacks on the traffic stop have no bearing on the resolution of a license suspension appeal.

However, Malizio suggests that *Wysocki* cannot govern this case because later decisions from the Pennsylvania Supreme Court have established that the allegedly unconstitutional traffic stop at issue in *Wysocki,* a sobriety roadblock, was in fact constitutional under prescribed guidelines. Therefore, Malizio asserts that, because the roadblock stop in *Wysocki* cannot now be regarded as illegal, that case cannot affect the present one, taking it as one which invokes an illegal traffic stop other than a roadblock.

We are not persuaded by Malizio's argument. The Supreme Court explained its holding in *Wysocki* with language suitable to all cases involving illegal arrests:

Properly viewed, the issue in the instant case, as it was in Glass [v. Department of Transportation, Bureau of Traffic Safety, 460 Pa. 362, 333 A.2d 768 (1975)], is the power of the Department of Transportation to suspend the driver's

license, which is conferred by the implied consent law. That authority is not conditioned on the validity of the arrest which gives rise to the request for a breathalyzer test. We specifically held in Glass that the legislature did not intend to engraft the requirements of the exclusionary rule onto the statute in question. In so holding we distinguished the case of a refusal to submit to the test from the situation in which a driver actually submits to the breathalyzer after an illegal arrest and the *results* of that test are subsequently offered as evidence in a criminal proceeding. Where the results of the test are being used as evidence in a criminal trial, it is properly excluded in that proceeding if it is found to be the fruit of an illegal arrest. The basis for employing the exclusionary rule in Fourth Amendment situations is to deter police officials from engaging in improper conduct for the purpose of obtaining criminal convictions. Where the driver refuses to take a breathalyzer test, that refusal violates a condition for the continued privilege of operating a motor vehicle and is properly considered as a basis for suspension of that privilege. The driver's guilt or innocence of a criminal offense is not at issue in the license suspension proceedings. The only fact necessary to the administrative determination is the driver's refusal to comply with the breathalyzer request after being taken into custody.

*Id.* at 179–180, 535 A.2d at 79 (emphasis in original). Malizio suggests that *Wysocki* does not address the issue before this court, but the language quoted above is directly on point and controls in the present case.

Malizio also suggests that Pennsylvania case law requires police officers to have probable cause for a traffic stop and chemical test. Specifically, Malizio argues that *Commonwealth v. Swanger*, 453 Pa. 107, 307 A.2d 875 (1973), requires Fourth Amendment protections under the United States Constitution because police traffic stops constitute a seizure of the vehicle and its occupants. Malizio also notes that in *Commonwealth v. Quarles*, 229 Pa.Superior Ct. 363, 324 A.2d 452 (1974), the Superior Court upheld the constitutionality of § 1547(a)(1) of the Code by interpreting the words "reason-

able grounds" as meaning "probable cause." Finally, Malizio relies on *Department of Transportation v. McFarren*, 514 Pa. 411, 525 A.2d 1185 (1987), for the principle that alcohol tests are searches within the meaning of art. I, § 8 of the Pennsylvania Constitution, and that a request for such a test must be premised on probable cause.

However, the cases cited by Malizio do not apply in the case before us. *Swanger* and *Quarles* involved criminal charges as to which defendants must receive constitutional protections that are not required in purely administrative license suspension cases. (*See Wysocki* quote above.) *McFarren* involved a situation where a driver was asked to take more than one chemical test. The Supreme Court did refer to both the "reasonable" grounds and "probable" cause standards for a traffic stop, 514 Pa. at 418, 525 A.2d at 1188, but the legality of the initial traffic stop was not at issue before the court in *McFarren*, so that the reference to both standards was dictum. However, the Supreme Court subsequently addressed the question in *Wysocki* as described above.

Therefore, the trial court erred in requiring the probable cause showing in order to determine whether Malizio's license was properly suspended under the Code. Rather, the proper standard of review is to determine whether DOT met its burden of proof.

■ The Department of Transportation's burden of proof to suspend licenses requires DOT to prove that the motorist was arrested for driving under the influence by an officer who had *reasonable grounds to believe that the motorist was operating a motor vehicle while under the influence of alcohol* or a controlled substance. Furthermore, DOT must prove that the police requested the motorist to submit to a chemical test and that the motorist refused to do so. *Larkin v. Commonwealth*, 109 Pa.Commonwealth Ct. 611, 531 A.2d 844 (1987).

The trial court's decision addresses three of the four elements of DOT's burden of proof. The police arrested Malizio for driving under the influence; he was asked to take a breathalyzer; and he refused to do so. The only question not

answered by the trial court is whether the police had reasonable grounds to believe that Malizio operated his vehicle while under the influence of alcohol or a controlled substance.

 Whether reasonable grounds exist is a question of law reviewable by this court on a case-by-case basis. *Wilson v. Commonwealth*, 53 Pa.Commonwealth Ct. 342, 417 A.2d 867 (1980).

> The test [for reasonable grounds] is not very demanding. We note initially that, for 'reasonable grounds' to exist, the police officer obviously need not be correct in his belief that the motorist had been driving while intoxicated. We are dealing here with the authority to request a person to submit to a chemical test and not with the admission into evidence of the result of such test.

*Department of Transportation, Bureau of Traffic Safety v. Dreisbach*, 26 Pa.Commonwealth Ct. 201, 204, 363 A.2d 870, 872 (1976) (footnotes omitted). Reasonable grounds exists when a reasonable person in the position of the arresting officer, viewing the facts and circumstances as they appeared at the time, could have concluded that the motorist was operating a motor vehicle while under the influence of alcohol or a controlled substance. *McCallum v. Commonwealth*, 140 Pa.Commonwealth Ct. 317, 320, 592 A.2d 820, 822 (1991).

 As indicated by the trial court, Officer Bassano asked Malizio to perform a series of sobriety tests which Malizio failed. In addition, the record shows that Malizio testified on direct examination that he told the arresting officer before the field sobriety tests that he had taken a couple of drinks.

Q. [Mr. Costello] [Did] you have any conversation with Officer Bassano?

A. [Malizio] Yes. He said to me 'looked like you had a couple of drinks.' And I said 'yes I had a couple of drinks earlier in the evening.' And he said 'you look like you are borderline ... I will have to give you a field test.'

Malizio's testimony and the facts found by the trial court are sufficient to establish reasonable grounds for the arresting

officer to believe that Malizio had been operating his vehicle while under the influence of alcohol. In addition, the trial court's decision describes the remaining elements of DOT's burden of proof for license suspension cases as being satisfied.

Accordingly, DOT met all the requirements to suspend Malizio's license under § 1547 of the Vehicle Code, and the order of the trial court must be reversed and the license suspension reinstated.

## ORDER

NOW, December 2, 1992, the order of the Court of Common Pleas of Allegheny County dated February 12, 1992, at No. SA 2785 of 1991, is reversed and the driver's license suspension is reinstated.