536 A.2d 880

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Edwin Jackson, Appellee.

</div>

254

Submitted on briefs September 22, 1987, to Judges MACPHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Cornell J. Mickens,* for appellee.

OPINION BY JUDGE MACPHAIL, February 3, 1988:

The Department of Transportation, Bureau of Traffic Safety (Department) has appealed from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Edwin A. Jackson (Licensee) from the Department's one-year suspension of his driver's license. We reverse.

The record reveals that, in the early hours of August 20, 1983, Licensee was placed under arrest for driving under the influence. The arresting officer testified that he detected both the odor of alcohol on Licensee's

breath and freshly burned marijuana. Notes of Testimony (N.T.) at 5, Reproduced Record (R.R.) at 10a. Licensee was subsequently transported to the police station where he was requested to submit to a breathalyzer test.[1] Licensee complied and registered a positive reaction for alcohol, although the record does not indicate the blood alcohol level which was thereby established. Believing that Licensee might also have been under the influence of a controlled substance which would not be detected by the breath test, the officer then requested Licensee to submit to a blood test. Licensee refused to submit to the second chemical test and the Department, as a result, ordered that his operating privilege be suspended for one year pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). On appeal, the common pleas court ruled that the police officer's request for a second chemical test was invalid and that "[i]f the officer suspected both alcohol and drugs, he should have requested a blood or urine test in the first instance, rather than subject the defendant [Licensee] to more than one test." The court, accordingly, sustained Licensee's appeal and the instant appeal by the Department followed.[2]

The issue in this case requires interpretation of the recent plurality decision of our Supreme Court in *Department of Transportation v. McFarren,* 514 Pa. 411,

---

[1] There appears to be no dispute that the arresting officer had reasonable grounds to suspect that Licensee was driving under the influence. *See Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976). In addition to the odors of alcohol and marijuana, Licensee performed poorly on several field sobriety tests and had been observed driving erratically. N.T. at 4-5, R.R. at 9a-10a.

[2] We observe that, by order dated September 22, 1987, Licensee was precluded from filing a brief in this matter due to his failure to comply with the briefing schedule set by prior order of this Court.

525 A.2d 1185 (1987). The Court in *McFarren* analyzed the validity of multiple chemical testing under Section 1547(a) of the Vehicle Code, 75 Pa. C. S. §1547(a), which was amended effective January 15, 1983 to read as follows:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent *to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance* if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:
>
> (1) while under the influence of alcohol or a controlled substance or both. . . . (Emphasis added.)

In *McFarren*, a police officer who suspected that the licensee in question was under the influence of alcohol, requested the driver to submit to two breathalyzer tests. The driver refused to submit to the second test. The Supreme Court's plurality opinion held that a police officer, with probable cause for the initial stop, may validly request the licensee to submit to *one* of the three types of chemical tests for alcohol specified in Section 1547(a). If, as here, a second type of test is requested, however, the officer must establish the reasonableness of the request. Where the only purpose for the second test is to substantiate the accuracy of the initial test, reasonableness is *not* established.[3] *See Depart-*

---

[3] *Cf. Bush v. Commonwealth,* 112 Pa. Commonwealth Ct. 510, 535 A.2d 754 (1988) (upholding the validity of a Department regulation found at 67 Pa. Code §77.24(b)(1) which requires that *two* breath tests be performed when that method of chemical testing is chosen).

*ment of Transportation, Bureau of Driver Licensing v. Penich,* 112 Pa. Commonwealth Ct. 303, 535 A.2d 296 (1988). The issue of reasonableness is a question of law for the court to resolve based on the particular facts of each case. *Penich.*

We observe that the instant case differs factually from *McFarren* in that the arresting officer here had reason to suspect that Licensee was under the influence of both alcohol *and* a controlled substance. Assuming that the reasoning of *McFarren* is equally applicable where the use of both alcohol and a controlled substance is suspected, we believe that the officer's request for a blood test was reasonable in this case in view of the fact that the breath test alone would not have revealed the presence of marijuana in Licensee's system. Thus, the second test was not requested simply to substantiate the accuracy of the first test for alcohol, but rather, was requested in order to determine whether Licensee was under the influence of a controlled substance.

The reasonableness of the multiple testing here is not vitiated, in our opinion, by the fact that a single blood test *could* have been used to detect both blood alcohol and marijuana. We do not think that *McFarren* necessarily requires a police office to choose to administer a blood or urine test in the first instance where he suspects the presence of a combination of alcohol and a controlled substance. To do so would more than likely result in increased use by the police of the more intrusive types of chemical testing in the first instance. As we stated in *Penich,* the police officer may use his discretion in choosing which type of test to administer first. Once having done so, he must establish reasonable grounds for requesting a second type of test. We have concluded that such reasonable grounds were present in the instant case.

We, accordingly, will reverse the order of the common pleas court and reinstate the Department's one-year suspension of Licensee's operating privilege.

ORDER

The order of the Court of Common Pleas of Allegheny County is hereby reversed and the Department of Transportation's one-year suspension of the operating privilege of Edwin A. Jackson is reinstated.