539 A.2d 958

Patrick Allen Blair, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

294

Submitted on briefs February 5, 1988, to Judges CRAIG, PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Michael J. Casale, Jr., Casale & Bonner, P.C.,* for appellant.

*Christopher J. Clements,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Chief Counsel, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, April 8, 1988:

Patrick Allen Blair appeals an order of the Lycoming County Court of Common Pleas denying his appeal from the Pennsylvania Department of Transportation's (DOT's) suspension of his operating privilege for one year for refusing to submit to a chemical test pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b).[1]

---

[1] Section 75 Pa. C. S. §1547(b) of the Code provides in part:

(1) If any person placed under arrest for a violation of Section 3731 (relating to driving under the influence of

On May 4, 1986, Blair was arrested by Officer Foust of the Williamsport Police Department and charged with driving under the influence. Officer Foust advised Blair of the consequences of refusing to submit to chemical testing and requested that he submit to both a blood and urine test. Blair was taken to Williamsport Hospital where after initially refusing, he consented to chemical testing. After obtaining a blood sample, the arresting officer requested that Blair submit to a urine test. The officer testified below that he asked Blair to submit to a urine test because "it seemed that there was more than just alcohol involved."[2] The officer explained that Blair was evidencing rapid mood swings and that he admitted he had taken medication for his back but would not or could not identify such medication. Officer Foust testified further that Blair did not consent to chemical testing at first because he was worried about what it would reveal.[3]

At the hospital, Blair was able to produce a urine sample but then knocked the vial containing the sample into the toilet bowl. Officer Foust asked Blair to produce another sample and Blair responded that he was unable to do so. Blair was transported to a police station approximately ten minutes away where upon arrival, Officer Foust again asked him to produce a urine sample. Despite this and subsequent requests during the booking procedure, Blair responded that he did not have to go to the bathroom.

---

alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the test shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of twelve months.

[2] Notes of Testimony from August 21, 1986, (N.T.) hearing at 9.

[3] N.T. at 5.

Although Blair had submitted to a blood test, Officer Foust considered Blair's alleged inability to produce a second urine sample to be a refusal pursuant to Section 1547(b) of the Code and certified such refusal to DOT. By way of official notice dated June 13, 1986, Blair's operating privilege was suspended for one year. In dismissing Blair's appeal, the trial court found that the arresting officer had reasonable grounds to request a urine test and that Blair's actions constituted a refusal. This appeal followed.

Blair contends that the arresting officer did not have reasonable grounds to request that he submit to a urine test after he had provided a blood sample and in the alternative, that his alleged inability to produce a subsequent urine sample did not constitute a refusal.

We note initially that our scope of review in a license suspension case is limited to determining whether the trial court made findings that were not supported by substantial evidence, committed an error of law, or abused its discretion. *Department of Transportation, Bureau of Driver Licensing v. Fellmeth,* 108 Pa. Commonwealth Ct. 172, 528 A.2d 1090 (1987).

The issue in this case concerns Section 1547(a) of the Code,[4] which provides as follows:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to *one or more chemical tests of breath, blood or urine* for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor

---

[4] 75 Pa. C. S. §1547(a).

vehicle: (1) while under the influence of alcohol or a controlled substance or both. . . . (Emphasis added.)

In *Pennsylvania Department of Transportation, Bureau of Driver Licensing v. Penich,* 112 Pa. Commonwealth Ct. 303, 535 A.2d 296 (1988), we set forth several guidelines with respect to chemical testing pursuant to Section 1547(a). There we stated that:

. . . a police officer with reasonable grounds to believe a licensee was operating a vehicle while under the influence initially has unfettered discretion under Section 1547(a) to request the licensee to submit to *one* of the following types of chemical tests: breath, blood, or urine. Once the police officer selects the *type* of test to be administered, however, his or her discretion is curbed. If a breath test is chosen, the police officer must administer it twice. If a blood or urine test is chosen, it may only be administered once unless the police officer establishes a reasonable ground for requesting a second test.

*Id.* at 306, 535 A.2d at 298 (emphasis in original). We held further in *Penich,* that a police officer must have reasonable grounds for requesting a motorist "to submit to a different type of chemical test other than the one originally chosen and administered regardless of the number of times the initial type of test is permissibly given." *Id.*[5]

---

[5] This Court's decision in *Penich* reconciled our Supreme Court's decision in *Pennsylvania Department of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987), with the regulation appearing at 67 Pa. Code §77.24(b) which provides that a breath test must be performed twice and that the lesser reading shall control. In *McFarren,* our Supreme Court held that a request on the part of the police that a motorist submit to a second breath test was not reasonable where the motorist had already consented to and performed one successful breath test. Since the regulation at 67 Pa.

Testing of breath, blood, or urine amounts to a search and seizure. *McFarren, citing Commonwealth v. Funk,* 254 Pa. Superior Ct. 233, 385 A.2d 995 (1978). As our Supreme Court held in *McFarren,* a police officer may require a motorist to submit to chemical testing as long as probable cause exists for the initial stop. If the first test is inconclusive due to faulty equipment or faulty performance by the motorist, a second test may be proper. If more than one test is requested, the police must offer sufficient evidence of the reasonableness of such a request in order to justify a subsequent intrusion. Reasonability is a question of law which the court is to determine on a case by case basis. *Penich.*

Where a motorist has submitted to an initial valid test, but declines to submit to a second test there is no refusal within the meaning of §1547(b). *Fellmeth.* In the present case, the arresting officer had no reason to believe the initial blood test would be inconclusive. The only evidence which DOT offered to justify the request that Blair submit to further testing is the testimony by the arresting officer that Blair appeared to have ingested something other than just alcohol. This testimony was based on Blair's admissions that he had taken medication for his back which he either refused to or was unable to identify and the fact that he was evidencing rapid mood swings.

There was no testimony before the trial court that the blood test alone was an insufficient means of obtaining a determination as to whether Blair was driving under the influence of a controlled substance as well as alcohol. Evidence that both a blood and urine test were necessary to determine Blair's blood alcohol content and to detect the presence of controlled substances would have provided reasonable grounds to justify the request

Code §77.24(b) was not adopted until after the licensee was arrested in *McFarren,* the Supreme Court specifically noted it was not applicable to that case.

for the urine test in this case.[6] However, neither this Court nor the trial court is able to infer such a fact on our own. Therefore, we must conclude that the arresting officer did not have reasonable grounds to request that Blair submit to a urine test after he had already provided a blood sample. Accordingly, the order of the trial court denying Blair's appeal and reinstating DOT's suspension of his operating privilege is reversed.

In light of the foregoing discussion we need not reach the issue of whether Blair's actions with regard to the request to submit to a urine test constituted a refusal for purposes of §1547(b).

### ORDER

AND NOW, this 8th day of April, 1988, the order of the Lycoming County Court of Common Pleas dated August 21, 1986, at No. 86-01279, reinstating the one year suspension of Appellant's operating privilege by the Pennsylvania Department of Transportation is hereby reversed.

---

[6] The parties stipulated that Officer Foust had reasonable grounds to believe that Blair was operating a motor vehicle while under the influence of alcohol, a controlled substance, or both. However, even if they had not so stipulated, we believe the facts of this case provide such grounds.

The test for determining whether there are reasonable grounds is not a demanding one. *Corry v. Commonwealth of Pennsylvania,* 59 Pa. Commonwealth Ct. 324, 429 A.2d 1229 (1981). The issue is whether a reasonable person in the position of the police officer could have concluded the motorist was operating a motor vehicle while under the influence of alcohol or a controlled substance. *Claybaugh v. Department of Transportation, Bureau of Traffic Safety,* 86 Pa. Commonwealth Ct. 147, 484 A.2d 196 (1984). Here, there were reasonable grounds to suspect Blair of driving while under the influence of alcohol and as well as a controlled substance. Officer Foust testified that Blair's eyes were bloodshot, he had a strong odor of alcohol on his breath, his speech was slurred, he was evidencing rapid mood swings, he had expressed fear of what a test would reveal he had ingested and admitted to taking medication which he did not identify after being requested to do so. N.T. at 4, 9.