## Commonwealth v. Jones

*Gina D'Alfonso, assistant counsel in charge,* for the Commonwealth.

*John M. Purcell,* for defendant.

SOLOMON, *J.,* May 21, 1990 — Defendant, Robert George Jones, filed an appeal from an order of the Department of Transportation suspending his driving privileges for a violation of section 1547 of the Vehicle Code. Specifically, defendant is charged with refusing to submit to a test to determine the alcohol content of his blood.

Initially, defendant was requested to submit to an intoxilyzer test, which test was then administered and the digital readouts provided to the machine operator. However, upon seeking to have the information printed out on its form, the paper did not proceed through the machine properly and all readings were typed on the same line, thereby obliterating the printed readout. Incorrectly believing that the digital readout could not be used against defendant, the machine operator requested that defendant submit to a blood test to determine the alcohol content of his blood. This defendant refused to do.

It is well established in this Commonwealth that once a police officer selects the type of test to be administered, it may only be administered once unless the police officer establishes a reasonable ground for requesting a second test. *Pennsylvania Department of Transportation, Bureau of Driver Licensing v. Penich,* 112 Pa. Commw. 303, 535 A.2d 296 (1988). If the first test is inconclusive due to faulty equipment or faulty performance by the motorist, a second test may be proper. *Department of*

*Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987). As in *Penich, supra,* the *McFarren* court held that if more than one chemical test is requested by a police officer, "the police officer must offer sufficient evidence to establish the 'reasonableness' of such a request." *Id.* at 418, 525 A.2d at 1188.

Where, as here, a motorist has submitted to an initial valid test, but then declines to submit to a second test, there is no refusal within the meaning of section 1547(b). *Blair v. Commonwealth of Pennsylvania,* 115 Pa. Commw. 293, 539 A.2d 958 (1988). There was no testimony at the hearing that the intoxilyzer test alone was an insufficient means of obtaining a determination as to whether defendant was driving under the influence of alcohol. On the contrary, the trooper's testimony was that the machine was operating properly, and that the reading it gave was proper. There was nothing inconclusive about the intoxilyzer test. In light of *Blair,* we must conclude that the arresting officer did not have reasonable grounds to request that defendant submit to a blood test, after he had already provided a breath sample.

Wherefore, we will enter the following

## ORDER

And now, May 21, 1990, after hearing, it is hereby ordered that the appeal of defendant, Robert George Jones, be, and the same is hereby, sustained.