# Ream v. PennDOT

*Donald Smith, deputy attorney-in-charge,* for the Commonwealth.

*Douglas H. Cody,* for appellant.

STENGEL, *J.,* April 12, 1991—This case involves an appeal from the suspension of the operating privileges of Paul Edward Ream III. Appellant's license was suspended under 75 Pa.C.S. §1547 on the grounds that he refused to submit to a urine test following a blood test. The appeal was timely filed and a hearing was held before the court on April 1, 1991.

Officer John DePaul of the Denver Borough Police Department stopped Mr. Ream after he observed him driving in a careless and erratic manner in Denver Borough. Officer DePaul testified that he stopped Mr. Ream because he felt he had reasonable grounds to believe that Mr. Ream was operating his vehicle under the influence of alcohol. The field sobriety tests tended to confirm this belief as did Mr. Ream's appearance. Officer DePaul testified that Mr. Ream presented with glassy eyes, slurred speech and that he generally appeared to be "groggy." There was also the smell of alcohol on his

breath and he performed poorly on the field sobriety tests. On this basis, Mr. Ream was arrested and was taken by Officer DePaul to the Ephrata Community Hospital.

At the hospital, Mr. Ream cooperated fully with the officer's request for a blood sample and a blood sample was taken for the purpose of determining appellant's blood alcohol level. After Mr. Ream submitted to the blood test, Officer DePaul requested that he submit to a urine test to determine whether Mr. Ream had ingested any illegal drugs. Mr. Ream refused to submit to a urine test.

Because of his refusal to submit to the urine test, Mr. Ream's motor vehicle operating privileges were suspended. This appeal followed.

There are basically two issues presented by this case. The first issue is whether there were reasonable grounds to believe that the appellant was operating his vehicle under the influence of a controlled substance. The appellant stipulates that there were reasonable grounds to believe that he was driving under the influence of alcohol but not under the influence of a controlled substance. The second issue is whether, in fact, the appellant refused a test under section 1547 of the Motor Vehicle Code.

Section 75 Pa.C.S. §1547(b)(1) of the Motor Vehicle Code provides: "If any person placed under arrest for a violation of section 3731 (relating to driving under the influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the test shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months."

It is clear that there was a reasonable basis for Officer DePaul to request the blood test. It is less than clear as to whether there was any reasonable

basis for Officer DePaul to request the urine test. The appellant cooperated fully with the blood test and the issue is whether his refusing to take the urine test was a refusal under section 1547 such as would support a suspension of his operating privileges.

In *Commonwealth, Dept. of Transportation, Bureau of Driver Licensing v. Penich,* 112 Pa. Commw. 303, 535 A.2d 296 (1988), the Commonwealth Court set forth guidelines with respect to chemical testing pursuant to section 1547(a):

"[A] police officer with reasonable grounds to believe a licensee was operating a vehicle while under the influence initially has unfettered discretion under section 1547(a) to request the licensee to submit to *one* of the following types of chemical tests: breath, blood, or urine. Once the police officer selects the *type* of test to be administered, however, his or her discretion is curbed. . . .. If a blood or urine test is chosen, it may only be administered once unless the police officer establishes a reasonable ground for requesting a second test." *Penich* at 306, 535 A.2d at 298. (emphasis in original; footnote omitted)

Where a motorist has submitted to an initial valid test, but declines to submit to a second test, there is no refusal within the meaning of section 1547(b). *Commonwealth, Dept. of Transportation, Bureau of Driver Licensing v. Fellmeth,* 108 Pa. Commw. 172, 528 A.2d 1090 (1987). The testing of breath, blood or urine amounts to a search and seizure. *Commonwealth, Dept. of Transportation v. McFarren,* 514 Pa. 411, 525 A.2d 1185 (1987), citing *Commonwealth v. Funk,* 254 Pa. Super. 233, 385 A.2d 995 (1978). For this reason, there are safeguards required with respect to any further testing beyond that test initially selected by the arresting officer. If more than

one test is requested, the police must offer sufficient evidence of the reasonableness of such a request in order to justify a subsequent intrusion. Reasonability is a question of law which the court is to determine on a case-by-case basis. *Penich* at 306, 535 A.2d at 298.

In the instant case, the arresting officer testified that the stop was made because of the belief that the appellant was driving under the influence of alcohol. The officer testified that the signs of driving under the influence of alcohol would be similar to the signs of a person driving under the influence of a controlled substance. There was testimony that the appellant made reference to possessing several packs of heroin and that he told Officer DePaul that he was going to "stuff 10 packs of heroin down my pants" at the scene. For some reason, the arresting officer did not pursue an arrest for violation of the Controlled Substance Act nor did he attempt to search Mr. Ream at the scene to determine whether, in fact, he was in possession of heroin.

Even if Officer DePaul had reasonable grounds on which to believe that Mr. Ream was operating his vehicle under the influence of a controlled substance, there was no testimony presented at the hearing on whether a urine test was necessary to determine the presence of the controlled substance. That is to say, there was no testimony that the blood test alone was an insufficient means of determining whether Mr. Ream was driving under the influence of a controlled substance, as well as under the influence of alcohol. In *Blair v. Commonwealth of Pennsylvania,* 115 Pa. Commw. 293, 539 A.2d 958 (1988), the court reinstated the appellant's operating privileges under facts similar to the facts in this case. In *Blair,* the Commonwealth Court noted:

"There was no testimony before the trial court that the blood test alone was an insufficient means of obtaining a determination as to whether Blair was driving under the influence of a controlled substance as well as alcohol. Evidence that both a blood and urine test were necessary to determine Blair's blood alcohol content and to detect the presence of controlled substances would have provided reasonable grounds to justify the request for the urine test in this case. However, neither this court nor the trial court is able to infer such a fact on our own. Therefore, we must conclude that the arresting officer did not have reasonable grounds to request that Blair submit to a urine test after he had already provided a blood sample." *Blair* at 298-99, 539 A.2d at 961. (footnote omitted)

The Commonwealth argues that the urine test was requested not to enhance the findings of the first test but for a separate and different purpose, i.e., to determine the presence of drugs. In support of this argument, the Commonwealth refers to *Matthews v. Commonwealth of Pennsylvania,* 115 Pa. Commw. 403, 540 A.2d 349 (1988). In *Matthews,* the court found that the police officer had demonstrated that reasonable grounds existed to request a different type of test by virtue of the driver's bizarre behavior. *Matthews* at 406, 540 A.2d at 351, citing *Penich, supra. Matthews* can be distinguished from the instance case, however. In this case, there were no reasonable grounds demonstrated to request a different type of test. That is, the Commonwealth did not show at trial, nor did Officer DePaul demonstrate in his testimony, that a test other than the blood test was necessary to determine the presence of a controlled substance and/or alcohol.

In the instant case, we can assume for purposes of this discussion that there was a reasonable belief on

the part of Officer DePaul that Mr. Ream was operating his vehicle under the influence of a controlled substance and/or alcohol. Certainly, under the facts of this case, the request for a blood test was reasonable. There was no evidence presented, however, that the subsequent urine test was necessary to determine the presence of a controlled substance. Absent any such showing at the hearing, there is insufficient evidence to show that appellant violated the Motor Vehicle Code by refusing the urine test.

For these reasons, the appeal is granted and appellant's operating privileges are to be reinstated by the Department of Transportation.

Accordingly, we enter the following

## ORDER

And now, April 12, 1991, the appeal of Paul Edward Ream III is granted and the Commonwealth of Pennsylvania, Department of Driver Licensing is hereby ordered to reinstate the operating privileges of Paul Edward Ream III.